IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

CLIM EUGENE MURPHY THOMAS,

Petitioner,

v.

WARDEN ERIC EMMERICH, FCI-OXFORD,

Respondent.

OPINION AND ORDER

26-cv-747-wmc

---

Petitioner Clim Eugene Murphy Thomas, who is representing himself while incarcerated at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the calculation of his sentence by the Bureau of Prisons ("BOP"). Specifically, petitioner contends that he has been wrongly denied earned time credits under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), that would shorten the length of his imprisonment. Complaints and petitions filed by *pro se* litigants are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Even under this lenient standard, relief must be denied because it plainly appears from the petition that the petitioner is not entitled to relief.[1]

[1] *See* Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts. Rule 1(b) of the Rules Governing Section 2254 Cases authorizes application of the rules to other habeas corpus cases as well.

OPINION

A federal prisoner may seek a writ of habeas corpus under 28 U.S.C. § 2241 to challenge the execution or administration of his sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998) (stating that a motion seeking relief concerning the execution of a sentence, but not the validity of a conviction, falls under § 2241). To obtain relief, a prisoner must show that he is in custody in violation of the Constitution or laws of the United States. 28 U.S.C. § 2241(c)(3). Petitioner is not entitled to relief because he does not demonstrate that his sentence has been calculated incorrectly.

Petitioner argues that he would be entitled to speedier release from prison if the BOP recalculated his sentence to include time credits earned under the First Step Act, 18 U.S.C. § 3632(d)(4)(A), also known as FSA Time Credits ("FTCs"). The First Step Act provides eligible inmates the opportunity to earn these time credits, which apply toward time in prerelease custody or early transfer to supervised release, through successful participation in "evidence-based recidivism reduction programs or productive activities[.]" 18 U.S.C. § 3632(d)(4)(C). However, even if an inmate is eligible to earn FTCs, the BOP cannot apply them to shorten his prison sentence if the inmate is ineligible to receive them. *See* 18 U.S.C. § 3632(d)(4)(D) (listing offenses that exclude a prisoner from eligibility for FTCs). Relevant here, prisoners who are serving a sentence for a conviction relating to unlawful possession or use of a firearm during and in relation to a drug trafficking crime under § 924(c) are explicitly ineligible to receive FTCs. *See* 18 U.S.C. § 3632(d)(4)(D)(xxii).

Petitioner is currently imprisoned as the result of a federal conviction entered against him in *United States v. Thomas*, Case No. 4:21-cr-577(1) (W.D. Tex.)(dkt. #104). In that case, he received a 96-month sentence for aiding and abetting possession with intent to distribute 100 kilograms or more of marijuana. (*Id.*) He also received a consecutive 60-month sentence for possession of firearms in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). (*Id.*)

Petitioner acknowledges that he is ineligible to receive FTCs for his firearms conviction but argues that the sentence he received for that offense has not yet commenced because it was consecutive to the other term of imprisonment he received for drug trafficking, which is not excluded from receiving FTCs. He contends that the BOP has improperly denied him FTCs by aggregating his sentences, which means that it deems him to be serving a single, aggregate term of imprisonment for all of his counts of conviction.

This court and others have squarely rejected similar arguments. *See Broadnax v. Keyes*, No. 22-cv-520-wmc, 2023 WL 8481559, at *1 (W.D. Wis. Nov. 3, 2023); *see also Robinson v. Lillard*, 2026 WL 947899, at *3 (S.D. Ill. Apr. 8, 2026) (collecting cases holding that a conviction for one covered offense will exclude the entire sentence from eligibility for FTCs); *Diaz-Mendez v. Emmerich*, No. 26-cv-432-jdp, 2026 WL 2099230, at *2 (W.D. Wis. July 21, 2026) ("[A] prisoner who is serving an aggregate sentence composed of disqualifying and non-disqualifying offenses is ineligible to earn FSA time credit."). Under 18 U.S.C. § 3584(c), the BOP must treat "[m]ultiple terms of imprisonment ordered to run consecutively or concurrently . . . as a single, aggregate term of imprisonment" for administrative purposes, which includes calculation of time credits. *See Broadnax*, 2023

WL 8481559, at *1 (citing *Pointer v. Rios*, No. 10-cv-1056, 2010 WL 4053606, at *1 (C.D. Ill. Oct. 14, 2010) (in administering good time credits, the BOP must treat consecutive sentences as a single, aggregate term)). Thus, petitioner cannot show that the BOP has improperly aggregated his sentence.

More importantly, because petitioner is serving a sentence for an offense that is explicitly excluded from receiving FTCs, he fails to show that his sentence has been calculated incorrectly. *See Whitfield v. Sproul*, No. 23-cv-2687, 2024 WL 4434086, at *2-3 (S.D. Ill. Oct. 7, 2024) ("[a conviction for] an offense that is *explicitly excluded* from receiving [FSA] time credit makes the entire sentence ineligible" because "one bad apple spoils the barrel") (emphasis in original). As such, the petition will be denied, and this action will be dismissed with prejudice.

ORDER

IT IS ORDERED that:

1) The federal habeas corpus petition filed under 28 U.S.C. § 2241, by petitioner Clim Euguene Murphy Thomas (dkt. #1) is DENIED and this case is DISMISSED with prejudice.

2) The clerk of court is directed to enter judgment and close this case.

Entered this 1st day of September, 2026.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge